(14 Misc. Rep. 438.)

## NEWCOMBE v. HYMAN.

(City Court of New York, General Term. November 26, 1895.)

APPEAL—ERROR CURED—ADMISSION OF EVIDENCE.

In an action for professional services, the admission in evidence of books of account showing the services and the amount charged, though the proper foundation therefor was not laid, is harmless error, where defendant admits that the services were rendered as charged in such books.

Appeal from trial term.

Action by Ida M. Newcombe, as executrix of Richard S. Newcombe, deceased, against Samuel P. Hyman, on a claim due the estate for professional services. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, McCARTHY, and CONLAN, JJ.

Epstein Bros., for appellant.

Booream, Hamilton, Beckett & Ransom, for respondent.

CONLAN, J. Appeal from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial. The

plaintiff brings this action as executrix of the will of her deceased husband, Richard S. Newcombe, who, prior and down to the time of his death, which occurred on the 21st day of July, 1891, was a member of the law firm of Donohue, Newcombe & Cordoza, to recover for professional services rendered by her husband, while a member of said firm, and which claim was duly assigned to her as such executrix. The answer practically admits the services, but denies that there is anything due and owing on account thereof, and alleges that the defendant paid plaintiff's testator $300, which was in full of the account in suit.

The plaintiff introduced in evidence, under defendant's objection, the books kept by the firm of which plaintiff's testator was a member, showing the services rendered and the amount charged. Defendant urges error in the admission of the books on the ground that a proper foundation had not been laid for the evidence. The error, if any, was cured by defendant's testimony, where, at folio 145, he admits the rendition of the services as charged. The amount or value of the services was never seriously disputed by the defendant, as the evidence of his partner, Mr. Maass, shows, at folios 181, 185. The question litigated was one of payment, and, as the court charged, at folio 228, that the books were not evidence of nonpayment, they became harmless in any aspect of the case. The court submitted the questions of value of the services and payment to the jury under a charge as favorable to the defendant as could be expected, and we do not feel warranted in disturbing that verdict.

Judgment affirmed, with costs. All concur.